UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORTH JERSEY MEDIA GROUP INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **VICTOR E. SASSON,** <br><br> **Defendant.** | Civ. No. 2:12-3568 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Victor E. Sasson's motion to dismiss Counts Two, Three, and Four of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff North Jersey Media Group Inc. opposes the motion. For the reasons set forth below, Defendant's motion is **GRANTED**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff North Jersey Media Group Inc. ("NJMG") is a news reporting company which contributes substantial original reporting and photographs to the content it publishes.  (Compl. ¶¶ 5-6.)  As example, recently, NJMG employed a reporter to write a news article on the trial of Hackensack Chief of Police Ken Zisa and his former girlfriend Kathleen Tiernan (the "Zisa Article").  In connection with that trial, NJMG also employed photographers who took photographs of Zisa (the "Zisa Photograph") and Tiernan (the "Tiernan Photograph").  NJMG has applied for – but has not yet received –

certificates of copyright registration in the Zisa Article, the Zisa Photograph, and the Tiernan Photograph (collectively, the "Zisa Works").  (Compl. ¶¶ 23, 28, 35.)

Defendant Victor E. Sasson is a former employee of NJMG who now operates his own Internet blog.  (Compl. ¶ 5.)  NJMG claims that in May 2012, Sasson posted entries on his blog which used the Zisa Works without NJMG's permission.  NJMG also claims that in October 2009, Sasson – again without NJMG's authorization – published an iconic September 11 photograph, for which NJMS owns a certificate of copyright registration.

On June 13, 2012, NJMG commenced suit against Defendant.  In the four-count Complaint, NJMG asserts claims against Defendant for copyright infringement of the September 11 photograph (Count One), the Zisa Article (Count Two), the Zisa Photograph (Count Three), and the Tiernan Photograph (Count Four).  In response, Defendant filed the present motion to dismiss Counts Two, Three, and Four pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that because NJMG has only applied for, but not yet received, certificates of copyright registration in the Zisa Works, NJMG has failed to state a *prima facie* claim of copyright infringement of those works.

## II.   DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under

Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

### B. Copyright Infringement and 17 U.S.C. § 411(a)

The Copyright Act specifically provides, in part, that "no civil action for infringement of the copyright in any United States works shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).[1] *See also Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) (Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim).

Courts are split over the interpretation of the pre-suit "registration" requirement set forth in § 411(a). *Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011). Some courts have taken an "application approach," under which a pending copyright registration application is sufficient to satisfy § 411(a); others have taken a "registration approach," under which a certificate of registration issued by the Copyright

---

[1] "§ 411(a) expressly allows courts to adjudicate infringement claims involving unregistered works in three circumstances not applicable here: where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1246, 176 L. Ed. 2d 18 (2010). It appears that none of these exceptions applies here.

Office is a prerequisite to suit. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615–16 (9th Cir. 2010) (collecting cases).

Although the Third Circuit recently stated that "[a]n action for infringement of a copyright may not be brought until the copyright is registered," it was in reference to a plaintiff who had apparently never attempted to register her copyright. *Dawes–Lloyd v. Publish Am., LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) (per curiam). Thus, the Third Circuit has not squarely addressed whether a pending copyright application satisfies § 411(a)'s pre-suit "registration" requirement. *But see Patrick Collins*, 843 F. Supp. 2d at 569 (opining that *Dawes–Lloyd* "at least suggests that our circuit will take the registration approach.").

### C. Application

Defendant now moves to dismiss Counts Two, Three and Four of NJMG's Complaint based on its assertion that although NJMG has applied for copyright registration of the Zisa Works, until NJMG actually holds a certificates of copyright registration for those three works, it cannot assert claims for copyright infringement. Accordingly, the issue before this Court is whether an application for copyright registration is sufficient to support a *prima facie* claim of copyright infringement.

After considering the limited case law in the Third Circuit decided post-*Reed Elsevier*, this Court finds that Plaintiff's applications for copyright registration in the Zisa Works are insufficient to state a claim for copyright infringement. *See Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d at 568 (E.D. Pa. 2012) (no *prima facie* claim of copyright infringement where Plaintiff's application for copyright registration was still pending);

4

*IDT Corp. v. Unlimited Recharge, Inc.*, CIV.A. 11-4992 ES, 2011 WL 6020571, at *7 (D.N.J. Dec. 2, 2011) (evidence of an application for copyright registration is insufficient to establish a likelihood of success on the merits for copyright infringement claim); *Telebrands Corp. v. Exceptional Products Inc.*, 11-CV-2252, 2011 WL 6029402, at *3 (D.N.J. Dec. 5, 2011) ("a party may not state a *prima facie* case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a)"); *but see K-Beech, Inc. v. Doe*, CIV.A. 11-7083, 2012 WL 262722, at *3 (E.D. Pa. Jan. 30, 2012) (finding application approach is both permissible under the plain language of § 411(a) and preferable as a matter of public policy); *Degginger v. Houghton Mifflin Harcourt Pub. Co.*, CIV.A 10-3069, 2010 WL 3491358, at *1 (E.D. Pa. Sept. 2, 2010).

And because, consistent with other cases in the District of New Jersey, this Court adopts the "registration approach" for NJMG's claims of copyright infringement of the Zisa Works, it follows that until NJMG holds a certificate of copyright registration for the Zisa Article, the Zisa Photograph, or the Tiernan Photograph, NJMG cannot state a *prima facie* claim of copyright infringement for any of those works.  Accordingly, Defendant's motion to dismiss Counts Two, Three and Four will be **GRANTED**.

### III. CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(6) motion to Dismiss Counts Two, Three and Four is **GRANTED**.  An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 4, 2012.**